# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MARY SUE MARIONEAUX AND THE
LELA MAE JOHNSON MARIONEAUX
TRUST F/B/O MARY SUE
MARIONEAUX

VERSUS

LICIEN HARRY MARIONEAUX,
SR., INDIVIDUALLY AND AS
FORMER TRUSTEE OF THE LELA
MAE JOHNSON MARIONEAUX
TRUST, LUCIEN HARRY
MARIONEAUX, JR., MARIONEAUX
PROPERTIES L.P., HBM
INTERESTS, L.L.C., EIGHTY
ACRES, L.L.C., AND WALLACE
LAKE MARIONEAUX, L.L.C.

NO. 2021 CW 0205

MARCH 11, 2021

---

In Re: Succession of Lucien H. Marioneaux, Sr., Lucien H.
Marioneaux, Jr., Marioneaux Properties, L.P., HBM
Interests, LLC, and Wallace Lake Marioneaux, LLC,
applying for supervisory writs, 1st Judicial District
Court, Parish of Caddo, No. 588685.

---

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**STAY DENIED; WRIT GRANTED.** The trial court's February 2, 2021 ruling which increased the amount of the suspensive appeal bond to $4,500,000 is reversed. Pursuant to La. Code Civ. P. art. 2124(B)(3), a trial court shall fix security "at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution." Plaintiffs, as the movers, introduced no evidence regarding the amount sufficient to assure satisfaction of the judgment or of the amount sufficient for damages that they would suffer resulting from suspension of the execution of the judgment being appealed. See La Code Civ. P. arts. 963 and 5123.

JMM
AHP

**Holdridge, J.,** concurs. Relator is not precluded from filing a motion to increase the amount of the suspensive appeal bond supported by sufficient evidence and determined at a contradictory hearing.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT